**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SONEET KAPILA,

    Plaintiff,

v.                                                            Case No: 8:21-cv-2362-CEH

WARBURG PINCUS, LLC,
WARBURG PINCUS EQUITY FUND
IX, L.P. and ALLEN WISE,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Unopposed Motion to Revalidate Previously Issued Trial Subpoenas Served on Jennifer Hamway and David Weidner (Doc. 97), filed on November 10, 2022. In the motion, Plaintiff requests the Court revalidate trial subpoenas issued to two fact witnesses. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Unopposed Motion to Revalidate Previously Issued Trial Subpoenas Served on Jennifer Hamway and David Weidner.

### DISCUSSION

This is an action for avoidance and recovery of alleged fraudulent transfers that was initiated as an adversary proceeding in Universal Health Care Group, Inc.'s ("Universal") bankruptcy. After an order was entered withdrawing the reference to the bankruptcy court, a Case Management and Scheduling Order was entered in this

action setting the case for jury trial during the Court's December 2022 trial term. Doc. 12. Thereafter, the parties filed multiple motions challenging each sides' experts. Docs. 30, 31, 38, 41–45, 47. The Court has issued an order on Defendants' *Daubert* motions. Doc. 75. Plaintiff's *Daubert* motions remain pending. On September 16, 2022, Defendants moved to modify the scheduling order to which Plaintiff objected. Docs. 73, 74. Given the parties' extensive motion practice to date, the fact that dispositive motions have not yet been filed, the Court's crowded criminal trial docket which takes precedence over civil matters, and the need for at least five months between the filing of dispositive motions and the date of trial, the Court granted, in part, the motion to modify the scheduling order and removed the case from the December 2022 trial term. The case has been re-set for trial in June 2023.

Now, before the Court is Plaintiff's motion requesting two non-party witness subpoenas be revalidated for a trial term that is six months away. The Court finds such relief impractical and unreasonable given that the trial is, at the earliest, over six months away. The parties have not yet filed dispositive motions and thus any summary judgment motions must necessarily be resolved before the case can proceed to trial. Issuance of trial subpoenas or the revalidation of previously issued trial subpoenas at this juncture would be premature. Additionally, it would be unreasonable to expect a witness to appear for a trial in June 2023 based on a subpoena issued for a trial in December 2022. Accordingly, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion to Revalidate Previously Issued Trial Subpoenas Served on Jennifer Hamway and David Weidner (Doc. 97) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 5, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any