UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONEET KAPILA,

    Plaintiff,

v.                                            Case No: 8:21-cv-2362-CEH

WARBURG PINCUS, LLC,
WARBURG PINCUS EQUITY FUND
IX, L.P. and ALLEN WISE,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Enforcement of the Court's March 21, 2023 Order Imposing Restrictions on the Filing of Summary Judgment Motions (Doc. 117). In the motion, Plaintiff requests the Court strike the Defendants' summary judgment motions (Docs. 103, 112) because the motions seek to relitigate matters already resolved by the Bankruptcy Judge and because they violate this Court's March 21, 2023 Order. Defendants filed a response in opposition. Doc. 118. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Enforcement of the Court's March 21, 2023 Order Imposing Restrictions on the Filing of Summary Judgment Motions.

## DISCUSSION

Plaintiff, Soneet Kapila as Chapter 11 Liquidating Agent for the estate of Universal Health Care Group, previously the Chapter 11 Trustee of Universal Health

Care Group, Inc. ("Plaintiff"), moves for entry of an order striking the Defendants' summary judgment motions. In support, Plaintiff argues that the Court's inherent authority to manage its docket necessitates striking of the motions. In the Court's March 21, 2023 Order, the Court observed that certain matters have already been litigated in the Bankruptcy Court. As such, the Court directed the parties to not raise those matters in their summary judgment motions. Additionally, the Court reminded the parties to not seek summary judgment on claims or defenses for which there are genuine disputed issues of fact. Doc. 100 at 49 n.10. Such directive was made in the interest of conserving the parties' and the Court's time addressing issues that have already been ruled upon or that must necessarily be determined by the trier of fact. Notwithstanding the Court's directive, Plaintiff submits that Defendants wholly ignored the Court's Order and the Bankruptcy Court's prior rulings and have filed motions that seek rulings on matters already decided by the Bankruptcy Court or this Court.

In response, Defendants argue that Plaintiff cites no applicable legal authority to support its request, and critically, this is Plaintiff's fifth attempt to preclude Defendants from filing dispositive motions. Defendants argue that Plaintiff's motion to strike seeks an end-run around the strict requirements governing motions to strike under Fed. R. Civ. P. 12(f). Regarding matters that are purportedly disputed, Defendants submit that Plaintiff has not come forward with any evidence to carry his burden to demonstrate the existence of disputed material facts, but rather Plaintiff relies on speculation and conjecture of counsel. Finally, to the extent Plaintiff relies on

rulings by the Bankruptcy Court on motions to dismiss, such rulings are not binding on the District Court ruling on a motion for summary judgment.

Although not styled as a motion to strike, that is the relief Plaintiff seeks. Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, not all documents filed with the court in a civil action are "pleadings." Federal Rule of Civil Procedure 7(a) states that "pleadings" consist of "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). For purposes of Rule 7(a) and 12(f), motions are not pleadings. *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219–20 (5th Cir. 1984). Therefore, the Eleventh Circuit has held that Rule 12(f) does not authorize courts to strike motions, affidavits, or memoranda in support of motions. *See Harrison v. Belk, Inc.*, 748 F. App'x 936, 940 (11th Cir. 2018) (noting that a court is not authorized to strike a motion for summary judgment because such motions are not pleadings).

Plaintiff argues that the Court's inherent authority to manage its docket supports striking the alleged unauthorized filings. Defendants argue that the caselaw relied upon by Plaintiff is inapposite because it involved a dismissal of a *pro se* party's appeal under Fed. R. Civ. P. 41, arguing the facts of that case have no application here. Notwithstanding Defendants' arguments to the contrary, the Supreme Court discusses in depth the scope of a court's inherent power in *Chambers v. NASCO, Inc.*, 501 U.S. 32


(1991), in which the Court observes, "[i]t has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution.'" *Id.* at 43. The *Chambers* Court discussed the various facets of a federal court's inherent power, including to "impose silence, respect, and decorum" in the courtroom; to be vested with powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"; vacate its own judgment upon finding of fraud; *sua sponte* dismiss for lack of prosecution; and impose sanctions against parties or attorneys, including assessing attorney's fees and costs. *Id.* at 43–46. The Supreme Court recognized that "the inherent power must continue to exist to fill in the interstices." *Id.* at 46. Thus, the Court does have the inherent authority to protect against litigation abuses.

As Defendants point out, however, this Court explicitly permitted the parties to file summary judgment motions following the Court's ruling on the *Daubert* motions.[1] *See* Doc. 72. And although the Court directed the parties to focus their Rule 56 motions on matters in which there are no disputed material facts, any substantive challenges to a summary judgment motion is more appropriately addressed in the memorandum in opposition to the motion as opposed to in a motion to strike. Moreover, courts in this Circuit have a strong preference for determining cases based on the merits. *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

---

[1] The Bankruptcy Court similarly anticipated that summary judgment motions would be filed after resolution of the *Daubert* motions. Doc. 2-329 at 3.

Plaintiff's argument that a ruling on a motion to dismiss should bar a party from raising the matter through a summary judgment motion is unavailing. A court considering a motion to dismiss must accept the well-pleaded allegations as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), whereas summary judgment is only appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Thus, the Bankruptcy Court's rulings that Plaintiff's claims survive a motion to dismiss are not indicative of whether the claims will survive summary judgment. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Enforcement of the Court's March 21, 2023 Order Imposing Restrictions on the Filing of Summary Judgment Motions (Doc. 117) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 6, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any