**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SONEET KAPILA,

    Plaintiff,

v.                                          Case No: 8:21-cv-2362-CEH

WARBURG PINCUS, LLC,
WARBURG PINCUS EQUITY FUND
IX, L.P. and ALLEN WISE,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Defendants' Unopposed Motion for Leave to File Under Seal (Doc. 102). In the motion, Defendants Warburg Pincus, LLC ("Warburg"), Warburg Pincus Private Equity IX, L.P. ("WP IX"), and Allen Wise ("Wise") request that they be permitted to file under seal certain documents that are subject to confidentiality agreements with non-parties. The Court, having considered the motion and being fully advised in the premises, will deny Defendants' Unopposed Motion for Leave to File Under Seal.

## DISCUSSION

In relevant part, the Middle District of Florida's Local Rules state, "[b]ecause constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." M.D. Fla. Local Rule 1.11(a).

Defendants move to file under seal Exhibits 30, 32, 36 38, 44, 45, 46, and 47 to Warburg and WP IX's Motion for Summary Judgment (Doc. 103) and to file under seal the Exhibits identified as 16, 18, 23, 30, 31, 32, and 33 to Wise's Motion for Summary Judgment (Doc. 112). In support of their request to seal, Defendants submit that the documents are necessary for the Court's resolution of the pending dispositive motions. Defendants contend that sealing is necessary because Defendants are prohibited from filing the documents in the public record due to the documents' designated confidential status. Finally, Defendants submit that redaction or partial sealing is "unavailable and unsatisfactory." Defendants request that the documents remain sealed for the duration of the litigation.

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the

> availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

Defendants submit that consideration of the above factors support sealing the documents. Defendants contend that none of the information sought to be sealed concerns public officials or are of public concern. The documents have been designated as confidential by non-parties because of the proprietary business information of a non-public nature contained within the documents.

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" to judicial proceedings. *Romero*, 480 F.3d at 1245 (citing *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1312 (11th Cir. 2001)). In arguing that the Exhibits must be sealed, Defendants repeatedly refer to the fact that the documents are subject to a confidentiality agreement. *See* Doc. 102 at 1, 2, 3, 6, 7. However, "[t]he parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (Whittemore, J.) (citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992)). Indeed, the Local Rules make clear that sealing "is not authorized by a confidentiality agreement, . . . a designation of confidentiality, or a stipulation." M.D Fla. Local Rule 1.11(a). Moreover, the purported need for the Court to review the Exhibits, notwithstanding

3

the inclusion of any confidential information, does not sufficiently explain the necessity of sealing.

The Court is aware that a "party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information," *Romero*, 480 F.3d at 1246, but here, Defendants' argument for maintaining the proprietary nature of non-parties' business information is wholly vague and conclusory. Moreover, Defendants fail to provide sufficient reasons why the documents need to be sealed in their entirety. Thus, Defendants' request to file under seal Exhibits 30, 32, 36 38, 44, 45, 46, and 47 to Warburg and WP IX's Motion for Summary Judgment and Exhibits 16, 18, 23, 30, 31, 32, and 33 to Wise's Motion for Summary Judgment is due to be denied to the extent Defendants seeks to seal the entire documents when less restrictive means are available. Other than stating the document is subject to confidentiality agreements, Defendants fail to demonstrate why redaction of the documents or filing selected excerpts of the documents, rather than sealing the entire document, would not suffice.

The Court is cognizant that the Motion is unopposed, but the Court, as the "primary representative of the public interest in the judicial process, is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978-RBD-JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (internal quotation marks and alterations omitted).

Accordingly, it is

**ORDERED**:

1.  Defendants' Unopposed Motion for Leave to File Under Seal (Doc. 102) is **DENIED**.

2.  To the extent Defendants want the Court to consider any of the referenced exhibits in conjunction with its resolution of the pending Motions for Summary Judgment, Defendants may file on CM/ECF, within seven (7) days of this Order, a Notice of Filing with the Exhibits or redacted versions of the exhibits attached. For any re-filed Exhibit, the Exhibit should be numbered the same as the Exhibit is referenced in the respective summary judgment motions. Courtesy copies of the Exhibits filed shall be provided to Chambers in a binder within seven (7) days of the exhibits being electronically filed.

**DONE AND ORDERED** in Tampa, Florida on November 6, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any